IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUST FUNKY, LLC, et al., | ) | CASE NO. 5:23-CV-01964 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| SBR EXPRESS, INC., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER GRANTING |
| Defendant. | ) | DEFENDANT'S MOTION TO |
| | ) | ENFORCE SETTLEMENT AND |
| | ) | ENTER CONSENT JUDGMENT |

This matter is now before the Court on *Defendant SBR Express, Inc.'s Motion to Enforce Settlement and Enter Consent Judgment* (ECF #19), filed by Defendant SBR Express, Inc. ("SBR"), on July 26, 2024. Plaintiffs Just Funky, LLC ("Just Funky") and Stunned Mind, LLC (Stunned Mind") filed an *Opposition to Defendant's Motion* (ECF #20) on August 5, 2024. SBR filed its *Reply in Support of Motion* (ECF #21) on August 12, 2024. The motion is now ready to rule.

For the reasons set forth below, *Defendant SBR Express, Inc.'s Motion to Enforce Settlement and Enter Consent Judgment* (ECF #19) is GRANTED. The Consent Judgment agreed to and executed by the parties as part of a *Settlement Agreement and Mutual Release of All Claims* (ECF #19-2) ("Settlement Agreement"), previously held in trust by counsel for SBR,

in the amount of $350,000, may be filed and ENTERED on the Court's Docket.

## I. FACTUAL BACKGROUND

As alleged in the *Complaint*, "On or about November of 2021, Just Funky, Stunned Mind and SBR entered into an agreement for SBR to provide Warehouse Services and Shipping Services for Just Funky and Stunned Mind." (ECF #1-1, *Complaint*, ¶ 9, PageID #6). In the *Complaint*, Plaintiffs Just Funky and Stunned Mind asserted claims against Defendant SBR of: Request for Injunctive Relief (Count One); Breach of Contract (Count Two); Conversion (Count Three); Breach of Fiduciary Duty (Count Four); Intentional Interference With Contractual Relations (Count Five); Fraud (Count Six); and Specific Performance (Count Seven). Notably, Count One of the *Complaint* ("Injunctive Relief") included the following claim, "Just Funky and Stunned Mind are entitled to a temporary restraining order, preliminary and permanent injunction to prevent SBR from destroying, misplacing or losing Just Funky's and Stunned Mind's goods." (ECF #1-1, *Complaint*, ¶ 39, PageID #9).

On May 11, 2024, Defendant SBR, and Plaintiffs Just Funky and Stunned Mind, entered into a *Settlement Agreement*, pursuant to which all disputes between the parties which were alleged, or could have been alleged, between them related to the action (originally filed in the Summit County Court of Common Pleas, later removed to this Court), were settled:

> This Settlement Agreement and Mutual Release of All Claims ("Agreement") is intended to be a ***full and final release of all claims in any forum***, whether public, private or administrative, arising out of, incidental to, or in any manner connected with any contract between SBR Express, Inc., ("SBR"), Just Funky, LLC ("Just Funky"), and Stunned Mind, LLC ("Stunned Mind") (collectively "the Parties"), ***including, but not limited to, those claims, causes of action, losses, liabilities, injuries, death, damages, costs or expenses which were alleged or could have been alleged*** in the pleadings filed in Case No. CV-2023-09-3355 of the Court of Common Pleas, Summit County, Ohio and Case No. 5:23-cv-01964 of the United States District Court, Northern District of

Ohio, Eastern Division, (the "Litigation").

(ECF #19-2, *Settlement Agreement*, Preamble, PageID #91) (emphasis supplied).

Among the provisions of the *Settlement Agreement* were payment terms by which Just Funky and Stunned Mind were to pay to SBR the sum of $150,000.00, in three $50,000.00 installments. This provision also included the execution of a "Consent Judgment" by the parties, payable to SBR, in the amount of $350,000.00, in the event Just Funky and Stunned Mind failed to timely make any of the agreed installment payments:

> Just Funky and Stunned Mind shall pay to SBR the total sum of One Hundred and Fifty Thousand Dollars ($150,000.00) in three Fifty Thousand Dollar ($50,000.00) installments. These payments are due July 18, 2024, October 18, 2024, and December 18, 2024. The payments shall be made by wired funds or sent by federal express to SBR. **Just Funky, Stunned Mind and SBR shall also execute a Consent Judgment in the amount of Three Hundred and Fifty Thousand Dollars ($350,000.00)**. An executed copy of the Consent Judgment is attached as Exhibit A to this Agreement. **The Consent Judgment shall be held in trust by counsel for SBR and shall not be filed unless Just Funky and Stunned Mind fail to make any of the three payments when due. SBR may file the Consent Judgment if any payment is late**.

(ECF 19-2, *Settlement Agreement*, ¶ 2, PageID #91 (emphasis supplied); *see also* ECF #19-2, *Consent Judgment*, PageID #94).

Another provision of the *Settlement Agreement* retained jurisdiction before this Court to enforce the *Settlement Agreement*. (ECF #19-2, ¶ 13, PageID #94).

There is no dispute that Just Funky and Stunned Mind failed to pay the July 18, 2024 installment of $50,000.00. (*See* ECF #19-2, *Declaration of Bharat Jain*, ¶ 4, PageID #89; ECF #20, *Opposition to Defendant's Motion*, PageID #95). The reason for not paying the installment amount was described by Just Funky and Stunned Mind as follows:

> While it is true that Plaintiffs have not tendered all of the funds owing under the Agreement, this is owing to the fact that Plaintiffs believe that Defendant

> breached the Settlement Agreement. Specifically, upon their review of the stored goods, Plaintiffs discovered that many of the goods in question that had been stored by Defendant were damaged or missing, in violation of the terms of the Settlement Agreement. Plaintiffs request a hearing to present evidence of the breach.

(ECF #20, *Opposition to Defendant's Motion*, PageID #95).

There is no valid ground for the Court to schedule the hearing Plaintiffs request.

## II. <u>LEGAL ANALYSIS</u>

The Court first notes there is no provision of the *Settlement Agreement* whereby any party makes any representations or promises, or creates any obligations, related to the condition or existence of Just Funky's or Stunned Mind's property stored at SBR's warehouse facilities. Thus, even if there was some amount of damage sustained to any such stored items, or if some of such items were missing, it would not be a "breach" of any term of the *Settlement Agreement*.

Second, there is no provision of the *Settlement Agreement* that places any conditions on Just Funky's and Stunned Mind's obligation to make the three $50,000.00 installment payments in a timely manner, or provides a defense for non-payment or delayed payment of any of the installments.

Third, to the extent that Just Funky or Stunned Mind may argue that a dispute exists regarding the removal of Just Funky's and Stunned Mind's products from SBR's warehouse (which would logically include issues related to damaged or missing items), such issues are to be resolved by an independent process unrelated to Just Funky's and Stunned Mind's timely payment obligations, as stated in paragraphs 3, 4, and 5 of the *Settlement Agreement*, which provide:

> The Parties having reached an agreement in full and final settlement of all claims related to the Litigation, hereby acknowledge, warrant, and agree as

follows:

\* \* \* \* \*

3. Subject to the provisions in this paragraph and paragraphs 4 and 5 of this Agreement, Just Funky and Stunned Mind shall remove all their product from SBR's warehouse by May 22, 2024 ("move out date").  SBR will not interfere with the removal of the property, however, Just Funky's and Stunned Mind's access to SBR's warehouse will be limited to regular business hours.  Just Funky and Stunned Mind will bear the costs related to removal of Just Funky's and Stunned Mind's property from SBR's warehouse.

4. Should any dispute arise regarding paragraph 3, any Party may initiate a final and unappealable request for a decision by submitting the issue to the Mediator, . . . in a written statement describing the dispute.  The non-initiating Party may, within seven business days, submit a response.  [The Mediator's] decision shall be binding upon the Parties and will be incorporated into this Agreement.

5. Any unreasonable failure to timely comply with [the Mediator's] resolution of any dispute may, at [the Mediator's] sole discretion, result in financial penalties to the offending party, up to and including, modifying some or all the economic terms of this agreement and/or [the Mediator] may order that counsel for SBR is authorized to file the Consent Judgment.  [The Mediator] may also change the move out date.  [The Mediator] may not, however, extend the move out date beyond July 18, 2024.

(ECF #19-2, *Settlement Agreement*, ¶¶ 3, 4 & 5) (omission and inserts supplied).

Finally, and most salient to the points raised by the briefing on *Defendant SBR Express, Inc.'s Motion to Enforce Settlement and Enter Consent Judgment* (ECF #19), Just Funky's and Stunned Mind's claims made as a "defense" to making its payment obligations are ***explicitly addressed*** – and ***released*** – under the terms of the *Settlement Agreement*.

As earlier referenced, the *Settlement Agreement* "[was] intended to be a full and final release of all claims in any forum, . . . arising out of, incidental to, or in any manner connected with any contract between [SBR, Just Funky, and Stunned Mind], including, but not limited to, those claims, causes of action, losses, liabilities, injuries, death, damages, costs or expenses

-5-

which were alleged or could have been alleged in the pleadings filed in [the initial Summit County case or the case as removed to this Court]." (ECF #19-2, *Settlement Agreement*, Preamble, PageID #91) (inserts supplied). An ***explicit*** claim made in the *Complaint* was an allegation that SBR had engaged, or would engage, in activities "destroying, misplacing or losing Just Funky's and Stunned Mind's goods." (ECF #1-1, *Complaint*, ¶ 39, PageID #9). Thus, Plaintiffs' post-settlement claim of damage or loss of its goods previously stored at SBR's warehouse facilities as a defense to payment is barred by that agreement and irrelevant to the enforcement of its terms.

Just Funky and Stunned Mind have admitted their failure to timely pay the July 18, 2024 installment under the terms of the *Settlement Agreement*. Plaintiffs have not identified any existing or available defense to enforcement of the payment terms of the *Settlement Agreement*. Thus, the Court finds that *Defendant SBR Express, Inc.'s Motion to Enforce Settlement and Enter Consent Judgment* (ECF #19) is well-taken.

### III. CONCLUSION

Accordingly, for each of the above reasons, *Defendant SBR Express, Inc.'s Motion to Enforce Settlement and Enter Consent Judgment* (ECF #19) is GRANTED. The Consent Judgment entered into between the parties, which has up to now been held in trust by counsel for SBR, may be filed and ENTERED on the Court's Docket in this case.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: August 20, 2024

-6-